**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR MANUEL QUINTERO,<br><br>    Petitioner,<br><br>    v.<br><br>TRISTAN LEMON,<br><br>    Respondent. | Case No.: 1:22-cv-01568 JLT SAB (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 25) |

Victor Manuel Quintero is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising five grounds related to sufficiency of the evidence and prosecutorial misconduct. (*See generally* Doc. 1. at 7-28.) The magistrate judge found Petitioner was not entitled to habeas relief on the grounds raised in his petition, and recommended the Court deny the petition. (Doc. 25 at 4-22.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 25 at 22.) Petitioner then filed an appeal to the Ninth Circuit, which the Court dismissed for lack of jurisdiction. (Docs. 26, 29.) After the Ninth Circuit issued its mandate (Doc. 30), the Court granted a 30-day extension for Petitioner to file objections. (Doc. 31.) Thus, any objections were due no later than January 20, 2025. (*See id.* at 1.) The Court also reminded Petitioner the "failure to file objections within the specified time may waive the right to appeal...." (*Id.* at 2, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

1  (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so expired.

2  According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
3  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
4  are supported by the record and proper analysis.  Further, the Court declines to issue a certificate
5  of appealability.

6  A petitioner seeking a writ of habeas corpus does not have an absolute entitlement to
7  appeal, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S.
8  322, 335-36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, it may
9  only issue a certificate of appealability "if jurists of reason could disagree with the district court's
10 resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues
11 presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327;
12 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits
13 of his case, he must demonstrate "something more than the absence of frivolity or the existence of
14 mere good faith on his … part."  *Miller-El*, 537 U.S. at 338.  The Court finds reasonable jurists
15 would not find the determination that the petition should be denied debatable or wrong, or that the
16 issues presented are deserving of encouragement to proceed further.  Because Petitioner does not
17 make the required substantial showing of the denial of a constitutional right, the Court declines to
18 issue a certificate of appealability.  Thus, the Court **ORDERS**:

19  1. The Findings and Recommendations issued on October 7, 2024 (Doc. 25) are
20  **ADOPTED** in full.
21  2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
22  3. The Court declines to issue a certificate of appealability.
23  ///
24  ///
25  ///
26  4. The Clerk of Court is directed to close the case.

27
28  IT IS SO ORDERED.

2

_____
UNITED STATES DISTRICT JUDGE

Dated: **February 25, 2025**

3